IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

HAROLD E. BOSKET, JR.,

        Plaintiff,

    v.                                      Civil Action No.
                                          3:13-CV-1234 (DEP)

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

LACHMAN & GORTON            PETER A. GORTON, ESQ.
1500 E. Main Street
P.O. Box 89
Endicott, NY 13761-0089

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    BENIL ABRAHAM, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on August 20, 2014, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)	Defendant's motion for judgment on the pleadings is GRANTED.

2)	The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)	The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:	August 21, 2014
	Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
HAROLD BOSKET, JR.,

                                Plaintiff,

vs.                             3:13-CV-1234

CAROLYN COLVIN, Commissioner of
Social Security,


                                Defendant.
------------------------------------------x
```

Transcript of a Decision held by **teleconference** on August 20, 2014, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LACHMAN, GORTON LAW FIRM<br>Attorneys at Law<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York  13761-0089<br>  BY:  PETER A. GORTON, ESQ. |
| For Defendant: | U.S. SOCIAL SECURITY ADMINISTRATION<br>26 Federal Plaza<br>New York, New York  10019<br>  BY:  BENIL ABRAHAM, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (The following is an excerpt from the
2                    telephone conference held on 8/20/14.)
3               (In Chambers, Counsel present via telephone.)
4          THE COURT:  All right.  I'll have to let that be
5    the last word.  So I appreciate excellent briefings and
6    excellent oral argument in this case, it's a very interesting
7    case and I found it to be very challenging, and I carefully
8    reviewed the record in the context of the parties'
9    submissions.
10         By way of background, the plaintiff in this case
11   was born in December of 1971 and is currently 42 years of
12   age, he was 40 at the time of the administrative hearing in
13   this case.  He suffers from a severe intellectual impairment
14   and a physical impairment, specifically pars defect at L5 of
15   the lumbar spine.  He lives in Binghamton.  He's married, he
16   lives with three of the four children.  They're extremely
17   young.  He has a ninth grade education, attended special
18   education classes, has a checkered education history and was
19   unable to secure his GED.
20         He last worked in 2010 for a trash company.  Before
21   that he held various jobs including between 2000 and 2008
22   working for the Southern Tier Block, a construction
23   operation.  He was fired from his last job because he did not
24   call in, or because he did call in, the record is somewhat
25   equivocal at page 42.

1           He has a history of alcohol and cocaine abuse in
2   the past although it appears to be in remission.  As counsel
3   indicated, he did have a driver's license at one point but it
4   appears that he lost that driver's license due to some
5   driving while intoxicated charges.
6           There is not a great deal of treatment history in
7   the record.  It consists primarily of consultative both
8   examining and nonexamining source consultative reports.
9   There is an MSW report from Carol Kuklis, November 17, 2010,
10  examining reports from Dr. Sara Long who is a PhD, and
11  Dr. Datta, both from May of 2011.  There is a report by T.
12  Harding, a state consultant from June 1, 2011, a physical RFC
13  from a state agency consultant B. Talbert from June 2011, and
14  a report of plaintiff's engaged orthopedic expert, Dr. Irwin
15  Rosenberg, from July of 2012.
16          Procedurally, the plaintiff applied for
17  Supplemental Security Income and Disability Insurance
18  benefits in March of 2011 alleging an onset date of July 31,
19  2010.  After those, after those applications were initially
20  denied, the hearing officer, or administrative law judge, F.
21  Patrick Flanagan, was appointed and conducted a hearing in
22  August of 2012.  Judge Flanagan rendered a decision in
23  September of 2012, denying the claim and finding that the
24  plaintiff was not disabled.  That determination became a
25  final determination of the agency when the Social Security

1  Administration appeals council denied review of that decision
2  on August 28, 2013.
3       In his decision, ALJ Flanagan found that the
4  plaintiff was insured, at least through September 2013, he
5  had not engaged in substantial gainful activity since his
6  alleged onset date.  He suffers at step 2 from two severe
7  impairments, borderline intellectual functioning as well as a
8  learning disability and pars defect at L5.  He found,
9  however, that none of the conditions either individually or
10 collectively met or equaled any of the listed presumptively
11 disabling disabilities in the regulations.  He considered
12 1.05 which relates to the spinal condition as well as 12.02
13 and 12.05 relative to his mental impairments.
14      The ALJ then determined after surveying the
15 evidence that the plaintiff retains the residual functional
16 capacity or RFC to lift and/or carry 20 pounds occasionally,
17 10 pounds frequently, sit for six hours in an eight-hour day
18 and stand and/or walk for six hours in an eight-hour day.  He
19 found further that he is able to stoop, twist, and bend
20 frequently but not continuously; is able to push and pull
21 20 pounds occasionally and 10 pounds frequently; is able to
22 follow and understand simple directions and instructions; is
23 able to perform simple tasks independently; can maintain
24 attention and concentration; can maintain a regular schedule;
25 can learn new tasks; can relate adequately with others; and

1  can manage stress adequately, which is essentially the
2  ability to perform somewhat less than a full range of light
3  work.
4          The -- at step 4, the ALJ concluded that plaintiff
5  was unable to perform any of his past relevant work and
6  applying Rule 202.17 of the grids, concluding that the
7  impairments that plaintiff experiences do not significantly
8  affect the job base upon which the grids are predicated,
9  concluded no disability.
10         Addressing first the interesting issue of Section
11 12.05(C) of the -- of the listings, clearly the plaintiff
12 satisfies the IQ requirements here, also satisfies the
13 additional prong of having a further physical or mental
14 impairment that would qualify at step 2 of the analysis, that
15 would be his pars defect.  As the Second Circuit has
16 recognized though 12.05(C) in *Talavera v. Astrue*, also
17 requires consideration of whether the, whether the plaintiff
18 suffers from cognitive defects, and adaptive defects that is
19 at -- adaptive functioning defects.  The ALJ went through a
20 pretty, what I would consider good analysis.  The -- clearly
21 the plaintiff went through special education courses and
22 under *Marmer* and other cases, that weighs in favor of perhaps
23 finding a deficit in adaptive functioning, but as defendant
24 argues, there are many other indicators that the plaintiff is
25 able to function adequately.  He cares for three young

1   children by his own account and by accounts given to others
2   including Dr. Datta.  He is able to cook twice a week, cleans
3   twice a week, does laundry once a week, he takes care of the
4   children, he showers, he dresses himself, he watches
5   television, he's able to rebuild PS2 or Play Station 2
6   computers.  Dr. Harding indicated that plaintiff is not able
7   to meet or -- any of the listings and that provides further
8   support, evidentiary support for that conclusion.  Dr. Long
9   indicated that plaintiff has good social skills.  Recounted
10  also his daily activities and indicated that he is well
11  oriented, that is at page 290 and 291 of her report.  The
12  record also indicates at page 254 from Social Worker Kuklis
13  that the plaintiff is comfortable with his peers and in
14  social settings.  He has worked.  In fact, he indicated at
15  page 60 of the record that he believes he can work, that
16  there are some jobs out there he can perform.
17           So, although I reviewed very carefully the Eastern
18  District's decision in *Marmer*, it appears that that is
19  significantly distinguishable.  The impairments at *Marmer*, of
20  *Marmer* were considerably more severe.  In *Marmer*, the
21  plaintiff suffered from -- have to give me a moment here --
22  considerable defects that go beyond just the special
23  education that is evident here.
24           So I find that the Commissioner's decision
25  concerning the listing 12.05(C) is supported by substantial

1  evidence.  The issue really is not whether I would have
2  reached the same conclusion or a court in general would have,
3  it is whether the decision reached is supported by
4  substantial evidence, substantial evidence of course being
5  defined as such relevant evidence as a reasonable mind might
6  accept as adequate to support a conclusion, and in this case,
7  the ALJ's decision is supported by substantial evidence on
8  that issue.
9           Point two which we really didn't discuss was
10 whether or not the ALJ properly considered plaintiff to
11 suffer from a psychiatric impairment based on, primarily upon
12 his educational records, and I find that the plaintiff has
13 not carried his burden of demonstrating the existence of such
14 an impairment that would meet the requirements at step 2.  I
15 don't find any error in that regard.  Obviously pivotal to
16 the ALJ's decision is the RFC finding.  I conclude that that
17 RFC is supported by substantial evidence, primarily in the
18 form of Dr. Datta's report when it comes to the physical
19 attributes and Dr. Long's report in that he properly chose
20 and explained why he chose Dr. Datta's report over
21 Dr. Rosenberg's.  Both are nontreating sources.  Granted
22 Dr. Rosenberg has an area of expertise that perhaps Dr. Datta
23 does not, but Dr. Datta's report is certainly supported by
24 his findings after having examined the plaintiff.
25 Dr. Rosenberg's report seems to contradict even plaintiff's

own testimony in several important regards.

The -- turning to the argument that a vocational expert's opinion should have been sought, I find under SSR 85-15 and *Bapp v. Bowen* that the job base upon which the grids are predicated were not sufficiently eroded to require a vocational expert's testimony. There does not seem to be any per se rule in a borderline intellectual functioning case that would require expert testimony, and the *DeLeon* case from the Second Circuit that was relied upon by the plaintiff is materially distinguishable. It involved a plaintiff with cerebral palsy with a psychiatric disorder, epilepsy with organic brain syndrome as well as borderline intellectual functioning and physical problems and deformities, much more serious case than Mr. Bosket presents.

So having reviewed carefully the record, I conclude that the Commissioner's decision is supported by substantial evidence and resulted from the application of proper legal principles.

I thank you both for excellent arguments. I will grant judgment on the pleadings to the defendant and issue an order shortly memorializing this decision. Thank you both and have a great day.

MR. ABRAHAM: Thank you, your Honor.

(Proceedings adjourned, 10:40 a.m.)

1          CERTIFICATE OF OFFICIAL REPORTER
2
3          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official
4    Realtime Court Reporter, in and for the United States
5    District Court for the Northern District of New York, DO
6    HEREBY CERTIFY that pursuant to Section 753, Title 28, United
7    States Code, that the foregoing is a true and correct
8    transcript of the stenographically reported proceedings held
9    in the above-entitled matter and that the transcript page
10   format is in conformance with the regulations of the Judicial
11   Conference of the United States.
12
13                    Dated this 20th day of August, 2014.
14
15
16                    /S/ JODI L. HIBBARD
17                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
18
19
20
21
22
23
24
25